FILED
CLERK
6/28/2016 3:05 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GENERAL ELECTRIC CAPITAL CORPORATION,
a Delaware corporation,

                    Plaintiff,

      -against-

EASTERN BUSINESS SYSTEMS, a New York
corporation,

                  Defendant.
----------------------------------------------------------------X

**ORDER**
15-CV-6924 (SJF) (AYS)

FEUERSTEIN, District Judge:

On March 8, 2016, judgment in the amount of $690,823.50 (the "Judgment") was entered in favor of plaintiff General Electric Capital Corporation ("GE") upon the default of defendant Eastern Business Systems ("Eastern Business") in this diversity breach of contract case. *See* Default Judgment, Docket Entry ("DE") [15]. Two motions are currently pending before the Court: (1) a motion to substitute Wells Fargo Vendor Financial Services, LLC ("Wells Fargo") as party plaintiff in its capacity as successor-in-interest by assignment to GE, *see* DE [16]; and (2) Wells Fargo's motion to compel a "third party" to pay money or deliver property. *See* DE [19].

**I. Motion to Substitute Party**

Wells Fargo moves pursuant to Rule 25 (c) of the Federal Rules of Civil Procedure, that provides that if an interest is transferred, the court, on motion, may order "the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). The motion must be served on the parties. *Id.* "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not

affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway West St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (collecting cases). A motion for substitution "is addressed to the sound discretion of the court." *Greystone Bank v. Peralta*, No. 10 CIV 0695, 2010 WL 3767619, at *1 (E.D.N.Y. Sept. 20, 2010) (internal quotation and citation omitted).

Wells Fargo filed its motion for substitution on May 17, 2016. It subsequently filed affidavits attesting to service upon Eastern Business on May 20, 2016, *see* DE [17], and upon GE on May 26, 2016. *See* DE [18]. Neither Eastern Business nor GE, which is represented by the same law firm as Wells Fargo, has opposed the motion. As proper notice has been given and no opposition has been received, the application is granted. The Clerk of the Court shall amend the caption by terminating GE and substituting Wells Fargo as party plaintiff.

## II. Motion to Compel

Wells Fargo, noting that its motion to substitute was pending, filed a motion pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Section 5225(b) of the New York Civil Practice Law and Rules ("CPLR") for a turnover order to compel non-party TD Bank, N.A. ("TD Bank") to remit to plaintiff "any funds in its possession or control in which the Judgment-Debtor Eastern Business Systems, Inc. . . . has an interest, including, but not limited to, the $10,837.62 that [TD Bank] had in its possession as of April 15, 2016." Motion, DE [19].[1] The motion was served on both Eastern Business and TD Bank on May 27, 2016, *see* Affidavit of Service, DE [20], but neither entity has submitted opposition.

Motions seeking to enforce money judgments are governed by Rule 69 of the Federal Rules of Civil Procedure, which provides in part that "proceedings supplementary to and in aid

---

[1]Prior to filing this motion, plaintiff served upon TD Bank a Restraining Notice with Information Subpoena pursuant to CPLR 5222 preventing the transfer of monies possessed by Eastern Business. *See* DE [19-2]. Wells Fargo has also provided a letter dated April 15, 2016 noting Eastern Business's account in the amount of $10,837.62 held by TD Bank and subject to garnishment (the "garnishment letter"). *See* DE [19-1]

of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Here, Wells Fargo invokes CPLR 5225(b):

> Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest . . . where it is shown that the judgment debtor is entitled to the possession of such property . . . the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.... Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding.

N.Y. C.P.L.R. 5225(b). Although the state rule suggests that a separate special proceeding must be commenced, "[n]early every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law." *Northern Mariana Islands v. Millard,* 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012) (citing *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 122-23 (E.D.N.Y. 2010)) (additional citation omitted); *see also CSX Transp., Inc. v. Emjay Envtl. Recycling, LTD.*, No. 12-CV-1865, 2016 WL 755630, at *3 (E.D.N.Y. Feb. 25, 2016) (noting that the argument that a turnover order must be brought by plenary action "is easily disregarded"); *but see Wasserman Media Grp., LLC v. Bender,* No. 10 Civ. 8783, 2012 WL 1506181, at *3 (S.D.N.Y. Apr. 26, 2012) (denying motion for turnover order and directing petitioner to commence a separate action against the non-party garnishee).

To deem a motion a special proceeding, however, the Court must have jurisdiction over the parties, including the garnishee. *LaBarbera v. Audax Constr. Corp.,* 971 F. Supp. 2d 273,

3

281 (E.D.N.Y. 2013) (citing N.Y. C.P.L.R. § 103 ("If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form . . . If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding, or vice versa"); *see also Mitchell,* 727 F. Supp. 2d at 123 (noting that "[i]f a party mistakenly seeks relief by motion in an action where it should be by special proceeding, the Court may simply deem the motion a special proceeding, *if it has jurisdiction over the parties*" (emphasis added)). "This approach has been applied by federal courts in actions where personal jurisdiction has either been conceded or is simply not at issue to allow requests for turnover orders brought pursuant to a Rule 69 motion that invokes CPLR §§ 5225 or 5227 to proceed in federal court without need for the movant to resort to a special proceeding in state court." *Audax Constr.,* 971 F. Supp. 2d at 281 (citations omitted). Accordingly, whether this Court may deem the motion a special proceeding necessitates an inquiry into whether it has personal jurisdiction over TD Bank.

Plaintiff has not provided a memorandum of law in support of its motion, nor has it provided any factual information necessary for the Court to determine whether it has jurisdiction over TD Bank. The only evidence regarding the location of TD Bank is the affidavit of service for the motion and the garnishment letter, both of which indicate a mailing addresses for TD Bank in New Jersey. While the garnishment letter establishes that Eastern Business has an account with TD Bank, it does not identify where that account is located. Although some basis for personal jurisdiction over TD Bank may well exist, no such determination may be made on the current record. As plaintiff has not demonstrated that conversion to a special proceeding is warranted, its motion to compel is denied without prejudice.

4

**III. Conclusion**

For the reasons set forth above, Wells Fargo's motion [16] is granted; the Clerk of the Court shall amend the caption by terminating GE and substituting Wells Fargo Vendor Financial Services, LLC as party plaintiff. Wells Fargo's motion [19] is denied without prejudice to renewal consistent with this Order.

SO ORDERED.  /s/                              .
          Sandra J. Feuerstein
Dated: June 28, 2016  United States District Judge
       Central Islip, New York