FILED
CLERK

1:55 pm, Jan 26, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WELLS FARGO VENDOR FINANCIAL
SERVICES, LLC,

**ORDER**
15-cv-6924 (SJF)(AYS)

                         Plaintiff,

   -against-

EASTERN BUSINESS SYSTEMS, INC.,

                         Defendant.
---------------------------------------------------------------X

**FEUERSTEIN, District Judge:**

Presently before the Court is Plaintiff Wells Fargo Vendor Financial Services, LLC's ("Plaintiff" or "Wells Fargo") unopposed renewed motion to compel non-party TD Bank, N.A. ("TD Bank") to pay Plaintiff any funds in its possession or control in which Defendant Eastern Business Systems, Inc. ("Defendant" or "Eastern Business") has an interest. *See* Docket Entry ("DE") [22]. For the reasons set forth herein, Plaintiff's renewed motion is denied.

**I.    BACKGROUND**

By way of a Complaint filed December 4, 2015, General Electric Capital Corporation ("GE Capital") commenced this diversity breach of contract action against Defendant.[1] DE [1]. On March 8, 2016, the Court entered a default judgment against Defendant in the amount of six hundred and ninety thousand, eight hundred and twenty-three dollars and fifty cents ($690,823.50) (the "Judgment"). DE [15]. On May 17, 2016, Wells Fargo filed a motion to be substituted as party-plaintiff in its capacity as successor-in-interest to GE Capital by assignment of "all rights, claims and interests [GE Capital] has against Defendant, including, but not limited to, all rights, claims and interests in the Judgment . . . ." DE [16]. On May 26, 2016, Wells Fargo filed a motion

---

[1] The complete factual background is not presently at issue and is not addressed at length herein.

1

to compel TD Bank "to pay Plaintiff any funds in its possession or control in which [Eastern Business] has an interest . . . ." DE [19]. According to Plaintiff, it had "previously served [TD Bank] with a Restraining Notice with Information Subpoena . . . and is entitled to turnover of the Depository Funds." *Id.* Wells Fargo further wrote that "[a]ny assets remitted to Plaintiff in connection with [the] motion will be applied to the outstanding indebtedness due and owing to Plaintiff as evidenced by the Judgment entered . . . on March 8, 2016 in the amount of $690,823.50 plus additional accrued and unpaid interest." *Id.*

In a June 28, 2016 Order (the "Substitution Order"), the Court: (i) granted Plaintiff's motion to be substituted as party-plaintiff, and (ii) denied Plaintiff's motion to compel without prejudice. *See Gen. Elec. Capital Corp. v. E. Bus. Sys.*, No. 15-CV-6924, 2016 WL 3582061, at *3 (E.D.N.Y. June 28, 2016). The Court denied Wells Fargo's motion to compel on the grounds that Plaintiff did not "provide[] a memorandum of law in support of its motion, nor [did] it provide[] any factual information necessary for the Court to determine whether it has jurisdiction over TD Bank." *Id.* The Court further observed that "[t]he only evidence regarding the location of TD Bank [was] the affidavit of service for the motion and [a] garnishment letter, both of which indicate a mailing address for TD Bank in New Jersey." *Id.* The Court held that it must "have jurisdiction over the parties, including the garnishee," to grant the relief that Plaintiff sought, and therefore denied Wells Fargo's motion to compel without prejudice to renewal upon submission of additional evidence sufficient to demonstrate this Court's jurisdiction over TD Bank. *Id.* at *2-3.

On July 26, 2016, Plaintiff submitted the instant motion, seeking identical relief to its May 26, 2016 motion to compel. DE [22]. In support of the instant motion, Wells Fargo submits an April 7, 2016 Restraining Notice with Information Subpoena (the "Restraining Notice") and an

2

April 15, 2016 garnishment letter from TD Bank to Defendant (the "Garnishment Letter"), both of which Plaintiff submitted with its prior motion, and both of which indicate a New Jersey mailing address for TD Bank. *Id.* at Exs. A, B. However, according to Plaintiff, "this Court has personal jurisdiction over [TD Bank] pursuant to CPLR 302(a)(1), made applicable to this proceeding pursuant to Fed. R. Civ. P. 4(k)(A)," because TD Bank "maintains branch offices within the jurisdictional confines of the United States District Court for the Eastern District of New York, including, but not limited to, a branch office located at 6 Main Street, East Islip, New York 11730." *See* Renewed Motion to Compel Third Party to Pay Money or Deliver Property ("Pl.'s Mem."), DE [22], at 2.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 69, "proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). Relevant here, N.Y. C.P.L.R. 5225 provides:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, . . . the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. 5225(b). Although the CPLR requires commencement of a special proceeding, "[n]early every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law." *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012); *see also Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 122-23 (E.D.N.Y. 2010) ("A 'special proceeding' is a creature of New York practice that although brought as a distinct legal action, has more in common

3

with motion practice than it does with a plenary action."). However, as the Court previously held, in order "[t]o deem a motion a special proceeding, . . . the Court must have jurisdiction over the parties, including the garnishee." *Gen. Elec. Capital Corp.*, 2016 WL 3582061, at *2; *see also Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 239 (S.D.N.Y. 2011) ("As long as a court siting in New York maintains personal jurisdiction over a garnishee, the court may order the garnishee to bring into New York the judgment debtor's property located elsewhere.").

Where the court's subject matter jurisdiction is based on diversity of citizenship, the court "looks to the law of the state in which it sits to determine whether it has personal jurisdiction over foreign defendants." *First Horizon Bank v. Moriarty-Gentile*, No. 10-CV-289, 2016 WL 6581199, at *2 (E.D.N.Y. Nov. 3, 2016). Pursuant to New York's long-arm jurisdiction statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. 302(a)(1). The Second Circuit has held that long-arm jurisdiction exists in New York where an out-of-state corporation "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (internal quotation and alteration omitted). A company "does business" for purposes of long-arm jurisdiction if it "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (internal quotation marks omitted). Further, pursuant to the "separate entity" rule, it has "long been considered settled law in New York . . . that where [a] garnishee is a bank, the court must obtain jurisdiction over the specific bank branch holding the asset before it may order any turnover, notwithstanding its general jurisdiction over the banking entity by virtue of its New York

4

branch." *Shaheen Sports, Inc. v. Asia Ins. Co., Ltd.*, No. 98 Civ. 5951, 2012 WL 919664, at *3 (S.D.N.Y. Mar. 14, 2012).

Plaintiff again fails to present sufficient evidence to establish that this Court has personal jurisdiction over TD Bank. In support of the instant motion, Plaintiff submits the same Garnishment Letter and Restraining Notice that the Court previously held contain insufficient "factual information . . . for the Court to determine whether it has jurisdiction over TD Bank." *See Gen. Elec. Capital Corp.*, 2016 WL 3582061, at *3. According to Plaintiff, this Court has personal jurisdiction over TD Bank because TD Bank "maintains branch offices within the jurisdictional confines of [this Court], including, but not limited to, a branch office located at 6 Main Street, East Islip, New York 11730." Pl.'s Mem. at 2. However, as the Court previously held, the Garnishment Letter "does not identify where [Eastern Business's] account is located," and Plaintiff offers no further evidence with the instant motion that would allow the Court to conclude that it has personal jurisdiction over TD Bank or Eastern Business's account at TD Bank. *See Shaheen Sports, Inc.*, 2012 WL 919664, at *8 (denying a petition seeking the turnover of assets over which a judgment debtor held an interest); *see also Motorola Credit Corp. v. Uzan*, 978 F. Supp. 2d 205, 211 (S.D.N.Y. 2013) (holding that "the separate entity rule continues to bear weight" in cases of post-judgment enforcement). Rather, as the Court previously observed, "[t]he only evidence regarding the location of TD Bank . . . indicate[s] a mailing address for TD Bank in New Jersey," *see Gen. Elec. Capital Corp.*, 2016 WL 3582061, at *3, and Plaintiff's conclusory assertion that TD Bank "maintains branch offices within the jurisdictional confines" of the Court is insufficient to establish that TD Bank conducts business "with a fair measure of permanence and continuity" sufficient to establish personal jurisdiction. *Wiwa*, 226 F.3d at 95; *see also Bonkowski v. HP Hood LLC*, No. 15-CV-4956, 2016 WL 4536868, at *2 (E.D.N.Y. Aug. 30, 2016) (holding that personal

jurisdiction was not established where the plaintiff did "not even attempt to analyze [the defendant's] amount of business in New York as compared with its overall national presence"). As Plaintiff again fails to demonstrate that conversion to a special proceeding is warranted, its renewed motion to compel is denied.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff's renewed motion is denied.

Dated: Central Islip, New York
January 26, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge